9995

McMORRIS v. CHARLESTON & W. C. RY. CO.

(96 S. E. 248.)

Malicious Prosecution—Probable Cause—Malice—Question for Jury. —In action for malicious prosecution, whether plaintiff showed want of probable cause and malice *held,* under the evidence, for the jury.

Before Bowman, J., Laurens, Fall term, 1916.     Affirmed.

Action by John McMorris against the Charleston and Western Carolina Railway Company. Judgment for plaintiff, and defendant appeals.

*Messrs. F. B. Grier* and *Dial & Todd,* for appellant. *Messrs. Dial & Todd* cite: *As to the question of probable*

*cause:* 92 S. E. 335; Southerland on Damages, vol. IV, sec. 1239. *As to the question of malice:* 2 Hill 499; 5 S. C. 476; 72 S. C. 429; 92 S. C. 335; 18 R. C. L. 32; 16 S. C. 401. *As to erroneous admission of testimony:* 18 R. C. L. 73; 33 L. R. A. (N. S.) 291; 117 Pa. 478; Jones on Evidence, sec. 158; Jones on Evidence, pp. 176-177; 1 Strob. 372.

*Messrs. Augustus G. Hart* and *Simpson, Cooper & Babb,* for respondent (no copy of points and authorities furnished Reporter).

June 25, 1918.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for malicious prosecution. At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, on the ground that the plaintiff had failed to show that the prosecution was without probable cause and malice, and the motion was refused. At the close of all the testimony, defendant made a motion for the direction of a verdict on the same grounds, and on the further ground that the defendant had acted under the advice of counsel, and of the magistrate who issued the warrant for the arrest of the plaintiff. This motion was likewise refused. The jury rendered a verdict in favor of the plaintiff in the sum of $250, and the defendant appealed.

The plaintiff shipped a carload of stone from Cold Point, S C., to Greenville, S. C., consigned to M. Hovis. It was not, however, delivered to M. Hovis, but by mistake was delivered by the defendant to Andrew Carey, who had it hauled to the lot of the St. James Memorial Church. The plaintiff brought an action against the defendant for its failure to deliver the stone in accordance with his instructions, and recovered the amount of damages which he

claimed.  The plaintiff shipped another carload of stone which was delivered to the St. James Memorial Church, which refused to accept a part thereof, on the ground that it was not suitable for purposes of construction.  Thereafter the plaintiff sold the stone, which the St. James Memorial Church refused to accept, to W. W. Burgess.  The stone which had been consigned to M. Hovis, but which by mistake had been carried to the lot of the St. James Memorial Church, was still there, and was then the property of the defendant, when the plaintiff sold the stone that belonged to him to W. W. Burgess.  The property which the plaintiff sold to Burgess did not belong to the defendant, but to the plaintiff; and it was this property which the plaintiff was prosecuted for stealing.  It is thus described by the plaintiff:

"It was coping stone, wide stone that goes to the top of the wall, 19 or 20 inches wide, and from 3 to 4 feet long. There was not any rubblestone in it at all."

The testimony tends to show that said stone was different from that which belonged to the defendant.  The plaintiff thus testified in regard to the question of malice:

"Q. After the railroad company hadn't paid you for carload of stone, did you see Mr. Harvley in Greenville after that?  A. Yes, sir.  Q. Did he say anything to you about he was going to get out?  A. Yes, sir.  Mr. Todd: Do not lead him.  A. He said he thought I was smart, but I will get you.  Q. What were you talking about at that time?  A. He spoke to me and this stone question came up."  (Harvley was the agent of the defendant, upon whose affidavit the warrant was issued against the plaintiff.)

H. C. Harvley testified as follows: "We have records of all shipments that passed over our line. * * * I did not make any effort to find out if he had had any stone there or not. * * * I could probably have found out."

The exceptions assigning error in the refusal to grant a nonsuit and to direct a verdict are overruled.

The other exceptions are overruled for the reasons that the testimony to which objection was interposed was responsive to the allegations of the complaint, and the errors were not prejudicial.

Affirmed.